UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETWEEN THE LINES PRODUCTIONS, LLC, a California limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LIONS GATE ENTERTAINMENT CORP., a British Columbia corporation; and SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>　　　　　Defendants. | CASE NO.　CV 14-00104-R<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS; DENYING PLAINTIFF'S MOTION TO STRIKE; AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR COSTS |

　　　　Plaintiff Between the Lines Productions, LLC ("BTLP"), on December 16, 2013, filed an action for declaratory judgment of non-infringement and "prima facie tort" suit in Southern District of New York naming as defendants Lions Gate Entertainment Corporation ("Lions Gate") and Summit Entertainment, LLC ( "Summit"). Compl. 29–31. The case was transferred to the Central District of California on January 6, 2014.  Summit filed its answer to the complaint and its counterclaims against BTLP on January 27, 2014. BTLP filed a motion to dismiss Summit's counterclaims I, II, III, and V on March 10, 2014. BTLP followed this up with a motion to strike Summit's state law claims under California's anti-SLAPP statute on April 16, 2014. Lions Gate

1  and Summit filed a motion for costs, on April 21, 2014, as BTLP had already voluntary dismissed
2  a prior case against the defendants only to refile the following day. Having been thoroughly
3  briefed by both parties, this Court took these three matters under submission on May 6, 2014.

## I. ANTI-SLAPP MOTION TO STRIKE

"[T]he Legislature enacted section 425.16, the anti-SLAPP statute, to provide for the early dismissal of unmeritorious claims filed to interfere with the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." *La Jolla Group II v. Bruce*, 211 Cal. App. 4th 461, 470 (2012) (citations omitted). The anti-SLAPP (strategic lawsuit against public participation) statute has two steps: if the movant "has made a threshold showing that the challenged cause of action is one arising from protected activity," then the court determines whether the respondent "has demonstrated a probability of prevailing on the claim." *City of Costa Mesa v. D'Alessio Investments, LLC*, 214 Cal. App. 4th 358, 371 (2013).

Local Rule 7-5 requires movants to file "a brief but complete memorandum in support" of their motion. L.R. 7-5. The failure to file a memorandum in support of the motion is deemed consent to the denial of the motion. L.R. 7-12. BTLP did not file a memorandum in support of its anti-SLAPP motion to strike. Moreover, BTLP has not shown that its activity is protected activity within the meaning California's anti-SLAPP statute. Allegedly selling coffee cups and shirts that infringe on Summit's trademark is not within the statute. Further, Summit has sufficiently shown that it has a probability of prevailing on the merits. For these reasons it would be inappropriate to grant BLRP's motion to strike.

## II. MOTION TO DISMISS

Local Ruler 11-6 provides: "No memorandum of points and authorities . . . shall exceed 25 pages in length . . . ." BTLP's memorandum in support of its motion to dismiss is 28 pages long. Further BTLP's motion is untimely.[1] BTLP brought a motion to dismiss Summits claims 1–3 and 5 under Rules 12(b)(1,3–4,5,7), 17(a), and 19(a).

/ / / / /

---

[1] Rule 12 provides 21 days to file a motion to dismiss after service. The counter-complaint was filed and served on January 27, 2014, but BTLP did not file its motion to dismiss until March 10, 2014. Although Summit had stipulated to extend the deadline twice, the deadline expired on March 7, 2014. James H. Freeman, the attorney for BTLP, did not bother to apply to appear pro hac vice in this case until April 15, 2014, in contravention of Local Rule 83-2.1.1.3.

**A. Subject-Matter Jurisdiction**

BTLP claims that Summit lacks standing to sue for copyright infringement, because BTLP's work "Twiharder" is a non-infringing fair use parody of Summit's Twilight movies. This argument is without merit. Federal courts have jurisdiction over copyright and trademark infringement suits where fair use parody is the defense. *See Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 799–800 (9th Cir. 2003). Summit has pled and produced a valid registered copyright, which it alleges is infringed by BTLP, this is enough to provide federal subject matter jurisdiction to this case. Whether or not BTLP's works are a fair use parody is the heart of the dispute, which should not be resolved on a Rule 12(b)(1) motion.

On a motion to dismiss, the trial court takes all well-pleaded facts in the complaint to be true and determines whether, based upon those facts, the complaint states a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6); s*ee Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005). Even if we were to construe BTLP's motion as a motion for 12(b)(6), Summit has clearly alleged facts sufficient to support claims of copyright and trademark infringement.

**B. Constitutionality of the Lanham Act**

Next BTLP avers that the claim to dilution by tarnishment under the Lanham Act is unconstitutional. Title 15 U.S.C. § 1125(c) explicitly prohibits the use of mark that tarnishes a famous trademark. Moreover, circuit courts have recognized that tarnishment is a real harm to trademark that's remedy is consistent with the constitution. *See Moseley v. V Secret Catalogue, Inc.*, 537 U.S. 418, 424 (2003); *Sony Computer Entertainment Inc. v. Connectix Corp.*, 203 F.3d 596, 609 (9th Cir. 2000); *Hormel Foods Corp. v. Jim Henson Prods., Inc.*, 73 F.3d 497, 507 (2d Cir. 1996). BTLP's claim that protection of trademarks against tarnishment is unconstitutional is baseless and contradicted by extensive precedent.

To the extent that BTLP alleges protection from tarnishment violates the First Amendment to the Constitution, any such concerns are ameliorated by the defense of fair use. Again BTLP seeks to avoid reaching the merits of whether or not its use of Summit's intellectual property was fair use, and seeks to characterize the substantive dispute as a procedural one.

/ / / / /

**C. Venue**

This Court has jurisdiction over this dispute as it was transferred by Judge Jed S. Rakoff to this district. BTLP voluntarily dismissed its previous suit against Summit, which Judge Rakoff had transferred to this district. The following day BTLP, refiled suit against Summit in the Southern District of New York. Judge Rakoff then transferred the case back to the Central District of California, as he said that BTLP was engaging in "a blatant case of attempting to evade the transfer of this case to California." Doc. No. 33, Ex. D at 3. BTLP is a California entity and all the operative events in this case occurred in Southern California, so venue is proper in this district.

**D. Service of Process**

BTLP argues that it cannot be countersued by Summit, since it has not served Summit with the complaint in this action. BTLP cites no authority to support its claim that can evade suit from Summit by refusing to serve Summit. Summit has served BTLP with the counter-complaint, and that is sufficient to maintain its claims.

**E. Failure to Join**

BTLP claims that Summit is not the "real owner of the intellectual property" for its basis in the counterclaims. This is because BTLP argues Summit is merging into Lions Gate. But these two entities are already parties to the suit, so this argument is baseless. More importantly, Summit is recorded as the owner on the copyright and trademark registrations, and is the "real owner."

As Summit is the registered owner of the copyright Lions Gate does not need to be joined to resolve these disputes. A party is required to be joined if "inconsistent obligations" would result from a failure to join or the party's absence would impair its ability to protect its interest. Fed. R. Civ. P. 19(a)(1)(B). Lions Gate will not have any of its interests impaired by proceeding with Summit's counterclaims, nor will inconsistent obligations be created. Moreover, Lions Gate, which is a party to this suit already, could file to intervene if it feels its rights will be compromised by not being a part to the countersuit.

### III. MOTION FOR COSTS

BTLP first sued Lions Gate and Summit in Southern District of New York for declaratory judgment and various antitrust and DCMA violations. That case was transferred to the Central

4

1  District of California, where Lions Gate and Summit moved to dismiss several claims from
2  BTLP's complaint. On the day BTLP's opposition to the motion to dismiss was due, BTLP
3  voluntarily dismissed its case against Lions Gate and Summit (presumptively to avoid an adverse
4  ruling). The very next day, BTLP refiled against Lions Gate and Summit alleging many of the
5  same claims in the Southern District of New York. Unamused, Judge Rakoff, transferred the new
6  case back to the Central District of California. Lions Gate and Summit now move under Rule
7  41(d) for costs and attorneys' fees incurred in its defense of the original action that BTLP
8  voluntarily dismissed.

9  Although Rule 41(d) only provides for costs of a previously dismissed action, courts have
10  read Rule 41(d) costs to include attorneys' fees. *See Esquivel v. Arau*, 913 F. Supp. 1382, 1390
11  (C.D. Cal. 1996); *Esposito v. Piatrowski*, 223 F.3d 497, 501 (7th Cir. 2000).

12  Summit seeks $52,303.27 in costs that it spent on the first action, that are of no help in this
13  current action. But, Summit benefitted from BTLP's voluntary dismissal. Summit had filed two
14  motions to dismiss, that were related only to BTLP's claims for antitrust, violation of the DCMA,
15  and trademark cancellation. Those claims were not refiled, so Lions Gate and Summit was able to
16  avoid the costs of filing a reply brief, and those claims have been dismissed. Lions Gate and
17  Summit never moved to dismiss the claims for declaratory judgment that are the heart of the
18  current suit.

19  However, Summit did have to file to appear pro hac vice in the first action and attend a
20  status conference on July 3, 2013, which are of no help in this action and duplicative because of
21  BTLP's refiling. Thus $1,032.77 in costs are appropriate to award under Rule 41(d). These
22  duplicative costs would not have been incurred had plaintiff BTLP not tried to impermissibly
23  change venue by voluntarily dismissing its suit to refile it in the Southern District of New York.

24  IT IS HEREBY ORDERED that plaintiff BTLP's motion to dismiss defendant Summit's
25  counterclaims and motion to strike are DENIED with prejudice.
26  / / / / /
27  / / / / /
28  / / / / /

1    IT IS HEREBY FURTHER ORDERED that plaintiff BTLP or its counsel shall pay
2  defendants Lions Gate and Summit their costs reasonably expended in the prior action that were
3  duplicative and not useful to them in the present litigation, which total $1,032.77.
4  Dated:  June 10, 2014.

                                                  _____
                                                       MANUEL L. REAL
                                                  UNITED STATES DISTRICT JUDGE