JAMES H. FREEMAN, ESQ.
*Admitted Pro Hac Vice*
JH FREEMAN LAW
3 Columbus Circle, 15th Floor
New York, NY 10019
Tel: (212) 931-8535 /
Fax: (212) 496-5870
james@jhfreemanlaw.com

STEVE LOWE, ESQ. (Cal. Bar #122208)
LOWE & ASSOCIATES, P.C.
11400 Olympic Blvd., Suite 640
Los Angeles, CA 90064
Tel: (310) 477-5811 / Fax: (310) 477-7672
steven@lowelaw.com

*Attorneys for Counter-Defendant BTLP*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| BETWEEN THE LINES PRODUCTIONS, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>LIONS GATE ENTERTAINMENT CORP., a British Columbia corporation, and SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>Defendants.<br>------------------------------------------<br>SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company<br><br>Counterclaimant<br><br>vs.<br><br>BETWEEN THE LINES PRODUCTIONS, LLC, a California limited liability company<br><br>Counter-Defendant. | Case No. 2:14-cv-00104-R (PJWx)<br><br>Hon. Judge Manuel L. Real<br><br>**COUNTER-DEFENDANT BETWEEN THE LINES PRODUCTIONS LLC'S ["BTLP"] NOTICE AND NOTICE OF MOTION FOR SUMMARY JUDGMENT AS TO COUNTS I-V OF SUMMIT'S COUNTERCLAIMS [R. 16] PURSUANT TO FED. R. CIV. P. 56(c)**<br><br>Hearing Date: November 17, 2014<br><br>10:00 a.m.<br><br>Trial Date: November 25, 2014 |

# KEY DEFINITIONS[1]

❖ ❖ ❖

<u>BTLP's Non-Infringing Works</u>

- **"Imaginative Works"** refers to BTLP's imaginative speech content expressed through motion pictures, audio-visual works and pictoral/graphic works, as those terms are defined by the Copyright Act, 17 U.S.C. § 101. All of BTLP's Imaginative Works are copyrighted (or copyrightable) work product that convey artistic speech content. The *Twiharder* Feature and Movie Promo Materials, as defined below, are Imaginative Works.

- **"*Twiharder* Feature"** refers to BTLP's feature-length motion picture *Twilight* parody entitled "Twiharder."[2]

- **"Movie Promo Materials"** refers to BTLP's audio-visual works (e.g., "trailers" and "music videos"); pictoral/graphic works (e.g., movie posters, "artwork," DVD covers); and website at <www.twiharder.com>>, all of which are used to promote the *Twiharder* Feature.[3]

<u>BTLP's Non-Infringing Marks</u>

- **"TWIHARDER Marks"** shall refer to the word mark BTLP uses as a title to describe the *Twiharder* Feature; and to the stylized logo BTLP uses

---

[1] As used through BTLP's submission on Rule 56.

[2] Summit claims that BTLP's use of the TWIHARDER mark to describe or be embodied within the "*Twiharder* Movie" violates the Lanham Act and its state analogues. See Counterclaims, R. 16 at ¶¶ 19, 24, 32, 34, 40, 60, 62.

[3] Summit claims that BTLP's use of the TWIHARDER mark in connection with the "Movie Promo Materials" violates the Lanham Act and its state analogues. <u>Id</u>. at ¶ 20.

*within* any one of BTLP's Imaginative Works.

BTLP'S NON-INFRINGING USES

- **"Non-Trademark Uses"** shall refer to BTLP's use of the mark TWIHARDER as a work title to describe any one of BTLP's Imaginative Works; or as a stylized logo to be *embodied within* any one of BTLP's Imaginative Works.

- **"CafePress Uses"** shall refer to BTLP's alleged use of the mark TWIHARDER in connection with the licensing or distribution of merchandise (e.g., clothing, coffee cups, T-shirts, etc.) alleged in ¶ 21 of Summit's counterclaims.

SUMMIT'S REGISTERED MARKS

- **"TWILIGHT Marks"** shall refer to 49 (out of 51 total) registered trademarks and servicemarks identified in paragraph 10 of Summit's counterclaims. The TWILIGHT Marks consist of thirty-four (34) word mark registrations and fifteen (15) stylized mark registrations. Each of the TWILIGHT Marks consists of the dictionary word "Twilight." Summit alleges THE TWILIGHT SAGA (19 word marks); TWILIGHT (12 word marks); BELLA TWILIGHT. Summit also alleges 15 stylized TWILIGHT marks

- **"TWIHARD Marks"** shall refer to 2 (out of 51) total registered marks identified in paragraph 10 of Summit's counterclaims. On September 10, 2010, Summit first applied for the TWIHARD Mark as an "Intent to Use" application. Summit did not begin using the TWIHARD Marks in commerce until late 2011. Summit concedes that the TWIHARD Marks are only actionable with respect to clothing articles.

# MOTION FOR SUMMARY JUDGMENT IN FAVOR OF BTLP AS TO COUNTS I-V OF SUMMIT'S COUNTERCLAIMS

**PLEASE TAKE NOTICE** that BTLP seeks summary judgment against Summit Entertainment, LLC under Fed. R. Civ. P. 56 as to all of its counterclaims [Counts I-V] [R. 1, p. 30 *et seq.*] and such motion is presented for hearing on November 17, 2014 at 10:00 AM, or at any other time ordered by the Court, at the courtroom of the Honorable Judge Manuel L. Real, 2nd Floor, Courtroom 8, at 312 N. Spring Street, Los Angeles, California, 90012. The grounds for summary judgment are stated below.

**Summit's Counterclaims** [Counts I-V]

- As to Count V (copyright infringement), BTLP seeks entry of judgment against Summit on three separate grounds:

    (i) The *Twiharder* Feature and Movie Promo Materials are privileged under the First and Fourteenth Amendment because they comprise artistic work parody which ridicules Summit's famous and *controversial* works.

    (ii) The *Twiharder* Feature and Movie Promo Materials are non-infringing under the codified doctrine of "Fair Use," 17 U.S.C. § 107.

    (iii) Summit's claims are barred by the Copyright Misuse doctrine because it alleged harm to *Breaking Wind* – as opposed to *The Twilight Saga*.

- As to Count I (false designation of origin/unfair competition under 15 U.S.C. § 1125(c)) [R. 16, ¶¶ 31-38, PageID#: 418] and Count II (trademark infringement under 15 U.S.C. § 1114 and common law) [R. 16, ID#: 418 at ¶¶ 39-46], BTLP seeks entry of judgment against Summit on four separate grounds:

(i)  BTLP's use of the TWIHARDER marks within or in reference to BTLP's "Imaginative Works" are immunized from Lanham (Trademark) Act liability by the First Amendment.

(ii)  Summit has failed to produce any evidence that Summit used the mark TWIHARD in actual commerce at any time before Summit applied for an "Intent to Use" application in September 2010 [which was more than five (5) months after BTLP began to actively use and display the TWIHARDER marks in actual commerce).

(iii)  Summit has failed to produce any evidence that BTLP used the mark TWIHARDER in commerce to sell any merchandise (clothing, coffee cups, tangible goods) to *bona fide* purchasers.  Moreover, because Summit has failed to produce any evidence of damages or BTLP's profits derived from the sale of merchandise, and because BTLP's Cafepress.com site was shut down in July 2012, Summit's request for an injunction is moot under Article III and therefore non-justiciable.

(iv)  No reasonable juror could return a verdict in Summit's favor as to the likelihood of confusion between the TWIHARDER marks vis-à-vis *any* of the TWILIGHT marks. [R. 16, ¶ 10, PageID#: 407].

◆ As to Count III (trademark dilution by blurring and tarnishment under 15 U.S.C. § 1125(c) and Cal. Bus. & Prof. Code § 14247) [R. 16, ¶¶ 47-56, ID#: 420], BTLP seeks entry of judgment against Summit on two separate grounds:

(ii)  BTLP's Imaginative Works fall within the "non-commercial" exception under the Trademark Dilution Revision Act of 2006 and are therefore non-actionable as a matter of law.

     (iii) Summit's TWILIGHT Marks are "tarnish-proof" based on Summit's licensing of their own *Twilight* film parody containing unwholesome and tawdry material.

♦ As to all state analogue causes of action alleged under Count I-III and Count IV (unfair competition under Cal Bus. & Prof. Code §§ 17200 *et seq.* and common law) [R. 16, ¶¶ 57-63, ID#: 422], BTLP seeks entry of judgment against Summit on grounds that the cause of action is predicated on allegations that are "substantially congruent" to the facts alleged in support of Summit's Lanham Act claims under Counts I-III.

-----

This Rule 56 motion is based on this Motion and Notice of Motion, the supporting Memorandum of Points and Authorities, BTLP's Statement of Uncontroverted Facts, the Supporting Documents Cited in the Record, and physical exhibits (DVDs / Videos) (which were previously lodged with the Court or which shall be delivered forthwith).  A Proposed Order is submitted via separate docket entry.

                                                                   **/jameshfreeman/**