1  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2     Including Professional Corporations
   JILL M. PIETRINI (Cal. Bar No. 138335)
3  jpietrini@sheppardmullin.com
   PAUL A. BOST (Cal. Bar No. 261531)
4  pbost@sheppardmullin.com
   1901 Avenue of the Stars, Suite 1600
5  Los Angeles, California 90067-6055
   Telephone:  (310) 228-3700 / Facsimile: (310) 228-3701
6
7  Attorneys for Defendants and
   Counterclaimant
8
9                  UNITED STATES DISTRICT COURT

10                 CENTRAL DISTRICT OF CALIFORNIA

11                      WESTERN DIVISION

| | |
|---|---|
| 12  BETWEEN THE LINES<br>PRODUCTIONS, LLC a California<br>limited liability company,<br><br>13<br><br>            Plaintiff,<br>14<br>         v.<br>15<br>   LIONS GATE ENTERTAINMENT<br>16  CORP., a British Columbia corporation,<br>   and SUMMIT ENTERTAINMENT,<br>17  LLC, a Delaware limited liability<br>   company,<br>18<br>            Defendants.<br>19<br>20 ────────────────────────<br>21  AND RELATED COUNTERCLAIMS. | Case No. 2:14-cv-00104-R (PJWx)<br><br>**DEFENDANT AND<br>COUNTERCLAIMANT SUMMIT<br>ENTERTAINMENT, LLC'S<br>MEMORANDUM OF POINTS AND<br>AUTHORITIES IN SUPPORT OF<br>MOTION *IN LIMINE* NO. 1 TO<br>EXCLUDE NON-DISCLOSED<br>WITNESSES**<br><br>Hon. Judge Manuel L. Real<br><br>Hearing Date:   November 25, 2014<br>Time:           9:00 a.m.<br>Ctrm:           8<br><br>Complaint filed:       Dec. 16, 2013<br>Counterclaims filed:   Jan. 27, 2014<br>Trial Date:            Nov. 25, 2014 |

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ..................................................................................... 1

II.     RELEVANT FACTS ................................................................................. 2

     A.      BTL's First Lawsuit Against Defendants ....................................... 2

     B.      BTL's Current Action Against Defendants ..................................... 4

III.    THE COURT SHOULD PRECLUDE BTL FROM CALLING ALL
        WITNESSES IT FAILED TO PROPERLY DISCLOSE PRIOR TO
        THE CLOSE OF DISCOVERY ................................................................ 6

     A.      Witnesses Not Properly Disclosed Should Be Excluded................. 6

     B.      BTL Failed To Properly Disclose 19 Witnesses On Its Witness
        List................................................................................................... 8

     C.      BTL Has No Justification For Its Failure To Properly Disclose
        19 Witnesses................................................................................... 8

     D.      BTL's Failure To Disclose 19 Witnesses Is Not Harmless And,
        In Fact, Substantially Prejudices Summit ..................................... 10

IV.     CONCLUSION ...................................................................................... 11

# **TABLE OF AUTHORITIES**

Page(s)

<u>Cases</u>

*Am. Stock Exch., LLC, v. Mopex, Inc.,*
215 F.R.D. 87 (S.D.N.Y. 2002)............................................................. 2

*Cmtys. Actively Living Indep. & Free v. City of Los Angeles*
2011 U.S. Dist. LEXIS 118364 (C.D. Cal. Feb. 10, 2011)...................... 8

*Emmpresa Cubana del Tabaco v. Culbro Corp.*
213 F.R.D. 151 (S.D.N.Y. 2003)............................................................ 10

*Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*
2011 U.S. Dist. LEXIS 52792 (E.D. Cal. May 17, 2011)....................... 7

*Hoffman v. Constr. Protective Servs., Inc.*
541 F.3d 1175 (9th Cir. 2008)............................................................... 7

*Jackson v. Am. Family Mut. Ins. Co.*
2012 WL 845646 (D. Nev. Mar. 12, 2012)............................................. 7

*Jiminez v. Reno*
2007 WL 1462798 (C.D. Cal. 2007)...................................................... 7

*Lema v. Comfort Inn, Merced*
2012 U.S. Dist. LEXIS 5977 (E.D. Cal. Jan. 18, 2012)......................... 9

*Ollier v. Sweetwater Union High Sch. Dist.*
2014 U.S. App. LEXIS 18020 (9th Cir. Sept. 19, 2014)......................... 7

*Patterson v. Balsamico*
440 F.3d 104 (3d Cir. 2006)................................................................... 7

*R&R Sails, Inc. v. Ins. Co. of the State of Pa.*
673 F.3d 1240 (9th Cir. 2012)............................................................... 7

*U.S. ex rel. Schwartz v. TRW, Inc.*
211 F.R.D. 388 (C.D. Cal. 2002)........................................................... 2

<u>Statutes</u>

28 U.S.C. § 1404.................................................................................... 3

Other Authorities

CAL. PRAC. GUIDE FED. CIV. PRO. BEFORE TRIAL Chapter 11(II)-C § 11:341
    (2014) ................................................................................................................ 7

Fed.R.Civ.P. 26(a) .............................................................................................. 6

Fed.R.Civ.P. 37(c)(1) ......................................................................................... 7

1    **I.**       **INTRODUCTION**

2           At 11:52 p.m. PST on October 6, 2014 – the discovery cut-off – Plaintiff and

3    Counter-Defendant Between the Lines Productions, LLC ("BTL") filed its witness

4    list in this case.  (Dkt. 84.)  BTL disclosed 32 witnesses on its list.  (*Id*.)  Prior to the

5    filing of its witness list, BTL had never disclosed, in its initial disclosures or

6    otherwise, its intent to rely upon the following 19 witnesses:

7           1.      Roger Senders, Esq.

8           2.      Theo Dumont

9           3.      Gabe Gomez

10          4.      Clint Keepin

11          5.      Richie Jr. Million

12          6.      Giorgio Caridi

13          7.      Allessandra [*sic*] Marinelli

14          8.      Michael C. Donaldson, Esq.

15          9.      Bruce Nash

16          10.     Craig Moss

17          11.     Thomas Gewecke

18          12.     Mona Metwalli

19          13.     Ryan Black

20          14.     Richard Wolff

21          15.     Susan M. Hwang, Esq.

22          16.     Arnon Milchan

23          17.     Jill Pietrini, Esq.

24          18.     Georgina Ledvinka

25          19.     Natalie Wilson, PhD

26   (Dkt. 84.)

27          BTL has no justification for its failure to disclose 19 witnesses until mere

28   minutes before the discovery cut-off and a few weeks before trial.  The only

-1-

plausible explanation is that BTL hoped its failure to disclose its witnesses would prejudice Defendants and Counterclaimant Summit Entertainment, LLC, ("Summit") which is in line with BTL's conduct in this action and the previous action against Defendants[1] that it voluntarily dismissed.  (*See*, *e.g.*, Dkt. 66 at 5-10 (denying BTL's motion to amend, finding that there was 'no other explanation [for its motion] than bad faith…to unnecessarily drag out these proceedings' and that 'BTLP is only attempting in bad faith to increase the cost of litigation to Defendants.'").

Fed.R.Civ.P. 26 requires a party fully disclose all witnesses and information on which it intends to rely.  The purpose of Rule 26 is to avoid surprise or "trial by ambush".  *Am. Stock Exch., LLC, v. Mopex, Inc.*¸ 215 F.R.D. 87, 93 (S.D.N.Y. 2002); *U.S. ex rel. Schwartz v. TRW, Inc.*, 211 F.R.D. 388, 392 (C.D. Cal. 2002) ("Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute.").  BTL attempts to sandbag Summit by including 19 witnesses on its witness list, including a purported expert witness who will apparently testify that BTL has allegedly suffered $6.5 million in damages.  BTL's conduct should not be countenanced, tolerated or approved.  The Court should grant Summit's motion, and preclude BTL from calling the 19 undisclosed witnesses.

## II.   RELEVANT FACTS

### A.   BTL's First Lawsuit Against Defendants

On May 28, 2013, BTL filed a 219-page "Anti-Trust Complaint" (1,300+ pages with exhibits) against Defendants in the Southern District of New York, Case No. 1:13-cv-03584-JSR, asserting the following claims:  (1) declaratory judgment that *Twiharder* constituted a fair use of the *Twilight* Motion Pictures; (2) violation of

---

[1]   Defendant Lions Gate Entertainment Corp. was dismissed on October 20, 2014 from this case on summary judgment.  (Dkt. 95.)

the Digital Millennium Copyright Act ("DMCA"); (3) violation of the Sherman Antitrust Act; and (4) cancellation of certain of Summit's TWILIGHT trademarks (the "First Lawsuit").  (Dkt. 71-5, ¶ 41.)

On June 28, 2013, Defendants filed a 28 U.S.C. § 1404 motion to transfer the First Lawsuit to the Central District of California.  (Dkt. 71-5 ¶ 42.)  On July 30, 2013, Judge Jed Rakoff of the Southern District of New York granted Defendants' motion to transfer, and the First Lawsuit was transferred and assigned to the Hon. Margaret M. Morrow.  (Dkt. 71-5 ¶ 43.)

On August 2, 2013, BTL served its "Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)" in the First Lawsuit.  (Bost. Decl. ¶ 2, Ex. A.)  In its initial disclosures in the First Lawsuit, BTL disclosed the following 25 witnesses:  (1) John Gearries; (2) Christopher Sean Friel; (3) Dean Cheley, Esq.; (4) Michael Donaldson, Esq.; (5) David Friedman, Esq.; (6) Wayne Levin, Esq.; (7) Stephenie Meyer; (8) Giovanni Cuarez; (9) Brendan Gallegher; (10) Melanie Miller; (11) Keith Black; (12) Christina Mulligan; (13) Jeffrey Rovin; (14) New Regency Enterprises; (15) 21st Century Fox; (16) Chubb Insurance Company; (17) Hiscox USC; (18) Arthur J. Gallagher & Co.; (19) Richard Wolff; (20) Matthew Smith; (21) Jonathan McIntosh; (22) Benny Fine; (23) Rafi Fine; (24) Bob Marino; and (25) United States Patent and Trademark Office.  (*Id.*)

After the First Lawsuit was transferred, Defendants filed a motion to dismiss BTL's antitrust, trademark cancellation, and DMCA claims.  (Dkt. 71-5 ¶ 44.)  BTL did not defend the merits of these claims but, rather, filed a 186-page First Amended Complaint pursuant to FRCP 15(a)(1)(B), in which it voluntarily dismissed its trademark cancellation and DMCA claims, but continued to assert its antitrust and declaratory judgment claims.  (Dkt. 71-5 ¶ 45.)  Defendants filed a second motion to dismiss on October 22, 2013, which again sought dismissal of Plaintiff's antitrust claim, and set hearing for December 2, 2013.  BTL never filed an opposition.  (Dkt. 71-5 ¶ 46.)  Instead, BTL launched a series of vexatious and meritless filings

disputing, among other things, the impartiality of Judge Morrow and accusing her of entering "counterfeit" orders. (Dkt. 71-5 ¶ 47.) BTL also refused to comply with its discovery obligations, forcing Defendants to file a motion to compel in the First Lawsuit. (Dkt. 71-5 ¶ 47.)

Ultimately, while Defendants' motion to compel was pending, and after each of BTL's meritless filings was denied, BTL voluntarily dismissed the First Lawsuit without prejudice pursuant to FRCP 41(a)(1) on December 13, 2013, the day its opposition to Defendants' second motion to dismiss was due. (Dkt. 71-5 ¶ 48.)

## B.   BTL's Current Action Against Defendants

The very next business day, December 16, 2013, BTL re-filed its lawsuit – the present action – again in the Southern District of New York (the "Second Lawsuit"). (Dkt. 71-5 ¶ 50.) BTL did not include any antitrust claims it allegedly had against Defendants in the Second Lawsuit. On January 6, 2014, Judge Rakoff *sua sponte* transferred the action – again – to the Central District of California. (Dkt. 71-5 ¶ 51.) Despite BTL's refusal to serve Defendants with a copy of its Complaint, Defendants, on January 27, 2014, filed their Answer and Summit's Counterclaims. (Dkt. 71-5 ¶ 52.)

On March 10, 2014, BTL filed an untimely (and, ultimately, entirely unmeritorious) motion to dismiss Summit's Counterclaims. (Dkt. 71-5 ¶ 53.) On June 25, 2014, BTL filed its Answer to Summit's Counterclaims. (Dkt. 71-5 ¶ 54.)

On July 16, 2014, BTL served its "Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)" in the Second Lawsuit. (Bost Decl. ¶ 3, Ex. B.) In its initial disclosures in the Second Lawsuit, BTL disclosed the following 15 witnesses (ten less that it has disclosed in the voluntarily-dismissed First Lawsuit): (1) John Gearries; (2) Christopher Sean Friel; (3) Dean Cheley, Esq.; (4) David Friedman, Esq.; (5) Wayne Levin, Esq.; (6) Stephenie Meyer; (7) Giovanni Cuarez; (8) Brendan Gallegher; (9) Melanie Miller; (10) New Regency Enterprises; (11) 21st Century Fox; (12) Chubb Insurance Company; (13) Hiscox USC; (14) Arthur J. Gallagher & Co.; and (15)

1    Bob Marino.  (*Id.*)  These were the only FRCP 26 disclosures served by BTL in the

2    Second Lawsuit.  (*Id.*)  On July 16, 2014, Defendants served their FRCP 26 initial

3    disclosures.  (Bost Decl. ¶ 3, Ex. C.)

4           On August 1, 2014, BTL filed a motion for leave to amend and, on August

5    18, 2014, BTL filed its 135-page proposed First Amended Complaint.  (Dkt. 71-5

6    ¶ 55.)

7           On August 28, 2014, the Court issued its "Order (in Chambers) Setting Pre-

8    Trial & Trial Dates," and setting:  (1) **October 6, 2014** as the deadline to file and

9    serve memoranda of contentions of fact and law, exhibit lists and witness lists and

10   the discovery cut-off; (2) **October 27, 2014** as the deadline to lodge the pre-trial

11   conference order; (3) **November 3, 2014** as the date for the pre-trial conference; and

12   (4) **November 25, 2014** as the first date for trial.

13          On September 15, 2014, the Court issued an Order Denying Plaintiff's

14   Motion for Leave to file an Amended Complaint.  In the Order, the Court found that,

15   in the First Lawsuit, BTL had "refused to comply with discovery," "filed a series of

16   vexatious and meritless filings" and voluntarily dismissed the First Lawsuit

17   "ostensibly to avoid an adverse ruling" on Defendants' motion to dismiss BTL's

18   antitrust claims.  The Court also found that, in the Second Lawsuit, BTL had acted

19   in bad faith to "unnecessarily drag out these proceedings" and "to increase the costs

20   of litigation to Defendants."  (Dkt. 71-5 ¶ 56.)

21          On October 6 at 11:52 p.m. PST – 8 minutes before the close of discovery and

22   mere weeks before trial – BTL filed its witness list.  (Bost Decl. ¶ 4, Ex. D.)  BTL

23   disclosed the following **32** witnesses it intends to at trial, 19 of which were not

24   disclosed in BTL's or Defendants' FRCP 26 initial disclosures (indicated in bold

25   and underline):  (1) John Gearries; (2) Christopher Sean Friel; (3) **Roger Senders,**

26   **Esq.**; (4) **Theo Dumont**; (5) **Gabe Gomez**; (6) **Clint Keepin**; (7) **Richie Jr.**

27   **Million**; (8) **Giorgio Caridi**; (9) **Allessandra [*sic*] Marinelli**; (10) **Michael C.**

28   **Donaldson, Esq.**; (11) Dean Chaley, Esq.; (12) Giovanni Cuarez; (13) Brendan

1   Gallegher; (14) Melanie Miller; (15) **Bruce Nash**; (16) **Craig Moss**; (17) **Thomas**
2   **Gewecke**; (18) Stephenie Meyer; (19) Ronald Hohauser; (20) David Friedman,
3   Esq.; (21) **Mona Metwalli**; (22) **Ryan Black**; (23) **Richard Wolff**; (24) **Susan M.**
4   **Hwang, Esq.**; (25) Robert Mason, Esq.; (26) Russell Binder; (27) Bob Marino; (28)
5   **Arnon Milchan**; (29) **Jill Pietrini, Esq.**; (30) Wayne Levin; (31) **Georgina**
6   **Ledvinka**; and (32) **Natalie Wilson, PhD**.  (Dkt. 84.)

7   **III.   THE COURT SHOULD PRECLUDE BTL FROM CALLING ALL**
    **WITNESSES IT FAILED TO PROPERLY DISCLOSE PRIOR TO**
8   **THE CLOSE OF DISCOVERY**

9        **A.   Witnesses Not Properly Disclosed Should Be Excluded**

10           Parties to a lawsuit must disclose evidence in support of their claims and
11   defenses.  Fed.R.Civ.P. 26(a).  This duty to disclose includes the duty to disclose the
12   names, addresses, telephone numbers, and subjects of information known for each
13   individual likely to have discoverable information on which the disclosing party
14   may rely.  Specifically:

15       [A] party ***must***, without awaiting a discovery request, provide to the
         other parties: … the [1] ***name*** and, if known, [2] the ***address*** and [3]
16       ***telephone number*** of each individual likely to have discoverable
         information—along with [4] ***the subjects of that information***—that the
17       disclosing party may use to support its claims or defenses, unless the
18       use would be solely for impeachment ….

19   Fed.R.Civ.P. 26(a)(1)(A)(i) (emphasis and numbering added).  The purpose, of
20   course, is to allow the other parties to determine whether to seek discovery from
21   such witnesses and to contact them and perhaps serve deposition or trial subpoenas
22   on them:

23       The theory of disclosure under the Federal Rules of Civil Procedure is
         to encourage parties to try cases on the merits, not by surprise, and not
24       by ambush.  After disclosures of witnesses are made, a party can
         conduct discovery of what those witnesses would say on relevant
25       issues, which in turn informs the party's judgment about which
         witnesses it may want to call at trial, either to controvert testimony or
26       to put it in context.  Orderly procedure requires timely disclosure so
         that trial efforts are enhanced and efficient, and the trial process is
27       improved.

28

-6-

1  *Ollier v. Sweetwater Union High Sch. Dist.*, 2014 U.S. App. LEXIS 18020, at *36

2  (9th Cir. Sept. 19, 2014).

3          Pursuant to Fed.R.Civ.P. 37(c)(1), failure to timely and properly disclose

4  witnesses, without substantial justification, is grounds for their exclusion at trial.

5  Fed.R.Civ.P. 37(c)(1) ("If a party fails to provide information or identify a witness

6  as required by Rule 26(a) or (e), the party is not allowed to use that information or

7  witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure

8  was substantially justified or is harmless.").[2]   FRCP 37(c)(1) "gives teeth" to the

9  disclosure requirements "by forbidding the use at trial of any information required to

10 be disclosed by Rule 26(a) that is not properly disclosed." *Hoffman v. Constr.*

11 *Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008) (citation and quotation

12 omitted).  Thus, "[u]nless the nondisclosure is 'harmless' or excused by 'substantial

13 justification' the court *must* impose this evidence preclusion sanction."  CAL. PRAC.

14 GUIDE FED. CIV. PRO. BEFORE TRIAL Ch. 11(II)-C § 11:341 (2014) (emphasis in

15 original); *see also Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, 2011 U.S.

16 Dist. LEXIS 52792, at *10 (E.D. Cal. May 17, 2011) ("Exclusion of improperly

17 disclosed expert witnesses is 'self-executing…and automatic to provide a strong

18

19  ———————————

20  [2]      *See also R&R Sails, Inc. v. Ins. Co. of the State of Pa.*, 673 F.3d 1240, 1246
(9th Cir. 2012) (FRCP 37(c)(1) "forbid[s] the use at trial of any information required

21  to be disclosed by Rule 26(a) that is not properly disclosed.") (citation and quotation
omitted); *Patterson v. Balsamico*, 440 F.3d 104, 118 (3d Cir. 2006) (affirming the

22  district court's order precluding belatedly-identified witnesses from testifying at
trial); *Jackson v. Am. Family Mut. Ins. Co.,* 2012 WL 845646, at **3-4 (D. Nev.

23  Mar. 12, 2012) (excluding testimony of plaintiff's "untimely disclosed" witnesses—

24  which witnesses were disclosed on the last day of the discovery cut-off—and
finding that "[a] trial court's case management efforts will be successful only if the

25  deadlines are taken seriously by the parties, and the best way to encourage that is to

26  enforce the deadlines"); *Jiminez v. Reno*, 2007 WL 1462798, at *2-3 (C.D. Cal.
2007) (precluding witnesses from testifying at trial who defendants—without

27  justification—had failed to timely disclose in initial or supplemental disclosures).

28

1  inducement for disclosure of material….") (quoting *Yeti by Molly, Ltd. v. Deckers*
2  *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)).

3        "The party facing sanctions bears the burden of establishing that the delay
4  was either substantially justified or harmless." *Cmtys. Actively Living Indep. &*
5  *Free v. City of Los Angeles*, 2011 U.S. Dist. LEXIS 118364, at *15 (C.D. Cal. Feb.
6  10, 2011).  In making this determination, courts may be guided by the following
7  factors:  (1) prejudice or surprise to the party against whom the evidence is offered;
8  (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of
9  the trial; and (4) bad faith or willfulness involved in not timely disclosing the
10 evidence.  *Id.* at **15-16.  BTL cannot meet its burden for any of the 19 undisclosed
11 witnesses.

12       **B.    BTL Failed To Properly Disclose 19 Witnesses On Its Witness List**

13       At 11:52 p.m. PST on October 6, 2014 – eight minutes before the discovery
14 cut-off and mere weeks before trial – BTL disclosed 19 witnesses (identified on pp.
15 5-6 herein) for the first time in this action.  Neither BTL nor Defendants disclosed
16 any of the 19 witness in their Rule 26 disclosures.  (Bost Decl. ¶¶ 2-3, Exs. A-B.)
17 Despite the Court's August 25, 2014  order setting this matter for trial on November
18 25, 2014, BTL never supplemented its initial disclosures as required by
19 Fed.R.Civ.P. 26(e).  BTL's failure to properly disclose the 19 witnesses is neither
20 justified nor harmless, and all of these witnesses should be excluded.

21       **C.    BTL Has No Justification For Its Failure To Properly Disclose 19**
22       **Witnesses**

23       BTL has no justification for its failure to disclose 19 witnesses until 8 minutes
24 before the close of discovery and 7 weeks before trial.

25       There can be no dispute that BTL has known the identity of each of the 19
26 witness since at least as early as 2012, but failed to disclose them.  This includes

27

28

witnesses that purportedly performed work in connection with the film *Twiharder*,[3]
witnesses to whom BTL apparently hoped to license *Twiharder* for distribution,[4]
executives or employees from unrelated film companies or who worked on
unrelated films,[5] Defendants' legal counsel (including Defendants' trial counsel),[6] a
purported expert in movie financial estimates and analysis,[7] and purported
academics.[8]  BTL cannot claim that it just learned of these witnesses.  BTL was well
aware of each witness <u>for at least two years</u>, but failed to disclose them as required
by FRCP 26.

BTL cannot identify any justification for its failure to disclose 19 witnesses
because it has none.  BTL's failure to comply with its obligations under the FRCP is
part of a "larger pattern of dilatory litigation tactics" that includes filing and
dismissing lawsuits, failing to comply with discovery, failing to comply with the
Federal Rules of Civil Procedure, the Local Rules and this Court's orders, and filing
vexatious and meritless motions.  (Dkt. 66); *Lema v. Comfort Inn, Merced*, 2012
U.S. Dist. LEXIS 5977, at **10-11 (E.D. Cal. Jan. 18, 2012) (excluding expert
because "[t]he Court observes that Defendants' failure to provide meaningful expert
disclosure is part of a larger pattern of dilatory litigation tactics that have included
repeated delays including multiple missed discovery deadlines and a series of
attorney substitutions.  Unjustified late disclosure of expert witnesses is the type of
dilatory tactic that Rules 26 and 37 are intended to discourage.").

---

[3]     Roger Senders, Esq. Theo Dumont, Gabe Gomez, Clint Keepin, Richie Jr.
Million, Giorgio Caridi, Alessandra Marinelli, and Michael C. Donaldson, Esq.

[4]     Thomas Gewecke and Ryan Black.

[5]     Craig Moss, Richard Wolff, and Arnon Milchan.

[6]     Susan M. Hwang, Esq., Mona Metwalli, and Jill Pietrini, Esq.

[7]     Bruce Nash.  Mr. Nash and his expert report are the subject of Defendants'
Motion *in Limine* No. 2 filed concurrently herewith.

[8]     Georgina Ledvinka and Natalie Wilson, PhD.

**D.      BTL's Failure To Disclose 19 Witnesses Is Not Harmless And, In Fact, Substantially Prejudices Summit**

Trial is scheduled to begin on November 25, 2014, less than four weeks from the date of this motion.  The motion will be heard on the first day of trial.  Thus, even if the Court wanted to authorize Summit to take depositions or seek other discovery of the non-attorney undisclosed witnesses, the only way it would be able to would be to postpone trial, which the Court has indicated twice that it will not do.  Even if this motion were heard and decided prior to trial, and the Court decided to allow Summit to take discovery from the witnesses who are not Summit's lawyers[9], Summit would still have seek discovery from 16 unique individuals, while simultaneously preparing for trial.  Furthermore, this discovery could in turn lead to additional discovery, and a wholesale revision of the parties' witness and exhibits lists and other pre-trial documents.  Put simply, short of a long continuance of the trial date, there is no remedy for the prejudice caused by BTL's failure to comply with the FRCP.  *See*, *e.g.*, *Emmpresa Cubana del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 159-160 (S.D.N.Y. 2003) (excluding witnesses that were not properly disclosed, in part, because "[t]he prejudice is not limited to the fact that the parties would have to squeeze in two depositions in the two-month period before trial…. [I]t is clear that even the bare minimum of discovery required by fairness would at the very least severely hamper trial preparation and likely could not be completed in the two months before the trial is set to begin.").

Summit is also prejudiced because BTL has failed to identify these witnesses and their relevant knowledge in its FRCP 26(a) initial disclosures.  This renders the scope of their potential testimony unlimited and makes it impossible for Summit to prepare properly to cross-examine the non-attorney witnesses.  Regardless, given

---

[9]      Summit's lawyers that are included in the 19 undisclosed witnesses are: Jill Pietrini, Susan Hwang, and Mona Metwalli.  Summit separately seeks to exclude other lawyer witnesses in its Motion *in Limine* No. 4.

-10-

1  that BTL agreed that the trial in this matter should last no longer than 5-7 days, it

2  would be impossible for it to present (and for Summit to effectively cross-examine)

3  the 16 undisclosed and non-attorney witnesses, let alone the 32 witnesses BTL

4  identified in its witness list.  (Dkt. 47 at 3:18-19.)

5  **IV.    CONCLUSION**

6          For the above reasons, Summit's Motion *in Limine* No. 1 should be granted in

7  its entirety.

8                              Respectfully submitted,

9                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

10

11  Dated:  October 28, 2014      By:    /s/ Jill M. Pietrini

12                                     Jill M. Pietrini
                                       Attorneys for Defendants and Counterclaimant

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**.  I am employed in the County of Los Angeles, State of California.  My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On October 28, 2014, I served true copies of the following document(s) described as **DEFENDANT AND COUNTERCLAIMANT SUMMIT ENTERTAINMENT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* NO. 1 TO EXCLUDE NON-DISCLOSED WITNESSES** on the interested parties in this action as follows:

James H. Freeman, Esq.
J.H. Freeman Law
3 Columbus Circle, 15 FL
New York, NY 10019
Tel:  (212) 931-8535
Fax:  (212) 496-5870
james@jhfreemanlaw.com

Steve Lowe, Esq.
LOWE & ASSOCIATES, P.C.
11400 Olympic Boulevard, Suite 640
Los Angeles, CA  90064
Tel:  (310) 477-5811
Fax:  (310) 477-7672
steve@lowelaw.com

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2014, at Los Angeles, California.

/s/ Latrina Martin
Latrina Martin

SMRH:433515485.3

-12-