SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JILL M. PIETRINI (Cal. Bar No. 138335)
jpietrini@sheppardmullin.com
PAUL A. BOST (Cal. Bar No. 261531)
pbost@sheppardmullin.com
BENJAMIN O. AIGBOBOH (Cal. Bar. No. 268531)
baigboboh@sheppardmullin.com
1901 Avenue of the Stars, Suite 1600
Los Angeles, California 90067-6055
Telephone:   (310) 228-3700 / Facsimile: (310) 228-3701

Attorneys for Defendant and
Counterclaimant Summit Entertainment, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BETWEEN THE LINES PRODUCTIONS, LLC a California limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>LIONS GATE ENTERTAINMENT CORP., a British Columbia corporation, and SUMMIT ENTERTAINMENT, LLC, a Delaware limited liability company,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 2:14-cv-00104-R (PJWx)<br><br>**DEFENDANT AND COUNTERCLAIMANT SUMMIT ENTERTAINMENT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* NO. 6 TO EXCLUDE STATEMENTS BY STEPHENIE MEYER CONCERNING THE TERM "TWI-HARD" AND EVIDENCE OF STEPHENIE MEYER'S RELIGIOUS BELIEFS AND ANY TESTIMONY THEREON**<br><br>Complaint filed:   Dec. 16, 2013<br>Counterclaims filed:  Jan. 27, 2014<br>Trial Date:           Nov. 25. 2014 |

## I. INTRODUCTION

Defendant and counterclaimant Summit Entertainment, LLC ("Summit") seeks to preclude Plaintiff and Counter-defendant Between the Lines Productions, LLC ("BTL") from introducing: (1) evidence of statements purportedly made by the author of the *Twilight* book series, Stephenie Meyer ("Meyer"), concerning her feelings about the term "Twi-hard"; and (2) evidence of Meyer's alleged religious beliefs as a Mormon (collectively, the "Meyer Evidence"). The Meyer Evidence, and any other evidence or testimony related thereto, must be excluded for three independent reasons. Neither Meyer's feelings about the term "Twi-hard" nor Meyer's religious beliefs is relevant to any of the issues in this lawsuit. Furthermore, even if relevance could be established (it cannot), the Meyer Evidence must be excluded because it is prejudicial to Summit and will confuse and mislead the jury and constitutes multiple levels of inadmissible and unreliable hearsay, to which no exception applies.

Accordingly, pursuant to Fed.R.Evid. 402, 403, and 408 the Court should grant Summit's motion and preclude the introduction of evidence of Meyer's statements relating to the term "Twi-hard" and Meyer's religious beliefs (and any other evidence or testimony related thereto) at trial, including, *without limitation*, the following exhibits identified by BTL in the parties' joint exhibit list (Dkt. 89):

| BTL Trial Ex. No. | BTL Document ID No. | Description |
| --- | --- | --- |
| 15-12 | BTL_000774-775 | News Article, Tulsa World (OK), entitled, "*Attention Twi-hards: Author thinks Twilight nickname is Awful*," dated November 16, 2011 |
| 31-1 | BTL_001800-03 | News Article, "*Profile: Stephenie Meyer: the million dollar vampire mom*," dated November 27, 2008 <www.telegraph.com.uk>> |

-1-

| BTL Trial Ex. No. | BTL Document ID No. | Description |
|---|---|---|
| 31-2 | BTL_001806-07 | E-mail from Don Chealey[1] (Donaldson & Callif) to John Gearries (BTLP), dated December 20, 2012 re: *Twiharder* screening |

(*See also* Dkt. 1 at ¶¶ 133-135.)

## II.   RELEVANT FACTS

Stephenie Meyer is the author of the *Twilight* series of **books**. (Dkt. 16 at 4:3-4) Summit is the producer and distributor of the motion pictures based on Meyer's books, including *Twilight*, *The Twilight Saga: New Moon*, *The Twilight Saga: Eclipse*, *The Twilight Saga: Breaking Dawn—Part 1*, and *The Twilight Saga The Twilight Saga: Breaking Dawn—Part 2* (collectively, the "*Twilight* Motion Pictures"). (Dkt. 16 at ¶¶ 20-24, 71-2 at ¶ 2.) Summit is also is the owner of all of the trademarks and copyrights related to and derived from the *Twilight* Motion Pictures, including, without limitation, the TWIHARD trademark. (Dkt. 71-2 at ¶¶ 2, 4.) Meyer is not a party to this action, is not going to be a witness at trial and, indeed, has absolutely no relationship to any of the issues involved in this lawsuit—which involve the *Twilight* Motion Pictures (not Meyer's books), BTL's infringement of the copyrights and trademarks associated with the *Twilight* Motion Pictures, and the alleged actions that Summit (not Meyer) undertook vis-à-vis BTL.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

---

[1]   The correct spelling of Mr. Cheley's name is Cheley.

-2-

### III. SUMMIT'S MOTION *IN LIMINE* NO. 6 SHOULD BE GRANTED

#### A. The Meyer Evidence Is Irrelevant, Confusing, Misleading, and Prejudicial

Only relevant evidence is admissible. *See* Fed.R.Evid. 402. Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed.R.Evid. 401. Further, even relevant evidence may be deemed inadmissible if its probative value is substantially outweighed by danger of unfair prejudice, confusion of issues, or misleading the jury. *See* Fed.R.Evid. 403. Thus, admissible evidence is limited to evidence that is relevant to the claims in this litigation and has probative value that is not outweighed by the danger of unfair prejudice. *See* Fed.R.Evid. 401, 402, 403.

The Meyer Evidence should be excluded because it is not relevant to this litigation and its probative value (which is none) is outweighed by the danger of unfair prejudice to Summit. Specifically, Exhibit 15-12, and any other evidence or testimony relating to statements that Meyer may have made concerning her feelings about the term "Twi-hard," must be excluded because such evidence is not "of consequence" to any of the issues in this lawsuit. Similarly, Exhibits 30-1 and 30-2, and any other evidence or testimony relating to Meyer's religious beliefs, have no bearing on this action. Again, Meyer is simply the author of the *Twilight* books. This dispute, however, involves the *Twilight* Motion Pictures. It is undisputed that Summit – not Meyer – is the producer and distributor of the *Twilight* Motion Pictures and owns and controls all of the rights to the *Twilight* Motion Pictures. It is further undisputed that Summit – not Meyer – is the owner of all of the trademarks and copyrights related to and derived from the *Twilight* Motion Pictures.

There is no evidence that Meyer has any involvement whatsoever in Summit's business decisions, including, without limitation, decisions relating to Summit's intellectual property rights and the enforcement thereof. Nor is there any

1 evidence that Meyer's feelings about the term "Twi-hard" or her religious beliefs
2 had anything to do with any business decisions made by Summit, or any of
3 Summit's alleged acts in connection with the subject matter of this litigation[2].
4 Indeed, Meyer's religious beliefs are not on trial here, and BTL should not be
5 allowed to discuss them in any way at the trial. Simply put: Meyer is an unrelated
6 third party with no connection to this dispute. As such, any evidence or testimony
7 about Meyer's statements concerning the term "Twi-hard" or of Meyer's religious
8 beliefs must be excluded as irrelevant.

9 Further, even if the Meyer Evidence were relevant, admission of it would
10 only confuse the issues in the case and unfairly prejudice Summit given its utter lack
11 of probative value. The jury is likely to believe that Meyer's alleged view of the
12 term "Twihard" is important (it is not), or that her view somehow impacts Summit's
13 trademark rights in TWIHARD (it does not), or that Meyer's purported dislike of the
14 term justifies BTL's use of a variation of it for its film title (it does not). Further,
15 those jurors who are not in agreement with Meyer's religious views may also hold
16 those beliefs against Summit, when Meyer's beliefs as a Mormon have absolutely
17 nothing to do with the claims or defenses in this case. The danger of confusion and
18 mistake by the jury and prejudice to Summit is clear.

19 **B.     The Meyer Evidence Constitutes Inadmissible Hearsay**

20 Even if BTL could establish that the Meyer Evidence is somehow relevant to
21 this litigation (it cannot), the Meyer Evidence must nevertheless be excluded
22 because it constitutes inadmissible hearsay. Fed.R.Evid. 801 defines hearsay as "[a]

---

[2] To the extent that BTL tries to rely upon a comment made by Summit's general counsel about Meyer during the parties' settlement meeting on December 20, 2012 (*see* Dkt. No. 1 at ¶ 118), that comment is not admissible under Fed.R.Evid. 408, and more importantly, is not an accurate recitation of the statements made at the meeting. Further, the only evidence that BTL has of the alleged comment is an email from BTL's prior counsel that constitutes hearsay within hearsay.

statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." A proponent of hearsay evidence bears the burden of establishing that the statement falls within a hearsay exception. *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924, 934 (9th Cir. 2002).

Here, BTL's evidence of Meyer's statements concerning the term "Twi-hard" – namely, Exhibit 15-12 and the statements contained therein – constitutes inadmissible hearsay. Indeed, Exhibit 15-12 (a news article) contains multiple levels of hearsay (the author's out of court statements about what Meyer said she felt about the term "Twi-hard"). BTL improperly seeks to introduce Exhibit 15-12 to prove the truth of the matters asserted therein (*i.e.*, that Meyer did not like the term "Twi-hard"). Moreover, Exhibits 31-1 (a news article) and 31-2 (an email) contain multiple layers of hearsay statements about Ms. Meyer's religious beliefs. Again, BTL is offering these exhibits to prove the truth of the matters asserted therein (*i.e.*, that Meyer does, in fact, have certain religious beliefs as a Mormon). Thus, the Meyer Evidence is inadmissible hearsay that must be excluded.

## IV.  CONCLUSION

For the above reasons, Summit's Motion *in Limine* No. 6 should be granted in its entirety, and the Meyer Evidence and any other evidence or testimony relating thereto should be excluded.

Respectfully submitted,

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Dated:  October 28, 2014          By: /s/ Jill M. Pietrini
                                      Jill M. Pietrini

                                      Attorneys for Defendant and Counterclaimant

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and **not a party to this action**. I am employed in the County of Los Angeles, State of California. My business address is 1901 Avenue of the Stars, Suite 1600, Los Angeles, CA 90067-6055.

On October 28, 2014, I served true copies of the following document(s) described as **DEFENDANT AND COUNTERCLAIMANT SUMMIT ENTERTAINMENT, LLC'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION *IN LIMINE* NO. 6 TO EXCLUDE STATEMENTS BY STEPHENIE MEYER CONCERNING THE TERM "TWI-HARD" AND EVIDENCE OF MEYER'S RELIGIOUS BELIEFS AND ANY TESTIMONY THEREON** on the interested parties in this action as follows:

| | |
|---|---|
| James H. Freeman, Esq.<br>J.H. Freeman Law<br>3 Columbus Circle, 15 FL<br>New York, NY 10019<br>Tel: (212) 931-8535<br>Fax: (212) 496-5870<br>james@jhfreemanlaw.com | Steve Lowe, Esq.<br>LOWE & ASSOCIATES, P.C.<br>11400 Olympic Boulevard, Suite 640<br>Los Angeles, CA 90064<br>Tel: (310) 477-5811<br>Fax: (310) 477-7672<br>steve@lowelaw.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 28, 2014, at Los Angeles, California.

/s/ Latrina Martin
Latrina Martin

SMRH:434480433.3